## GIRAUDEL vs. MENDIBURNE.

APPEAL from the parish court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff states, that by a written agreement between the parties, it was agreed that he should receive on board of his brig as much

The lading of goods may be proved by parol, if it does not appear there was a bill of lading.

A party ought not to be allowed to prove what was not alleged.

GIRAUDEL
*vs*
MENDIBURNE.

merchandise as the defendant should offer, for Campeachy and Tabasco, and that the former should allow three days of demurrage at Campeachy, and receive three hundred dollars: that the merchandise being loaded, the brig proceeded to Campeachy, where the defendant detained her twenty days, and then proceeded with her to Cysale, thus altering the voyage agreed on.

The plaintiff claims $250 for the twenty-one days detention at Campeachy, $250 for his freight on the voyage to Cysale, and $30 for the passage of Jaudeld, the defendant's agent, in all, $832. He gives credit for 386 25, and claims a balance of $445 75, with interest and costs.

The general issue was pleaded.

The plaintiff had a verdict and judgment for $407 20, and the defendant appealed.

Three bills of exceptions come up with the record.

The first is to the court permitting the plaintiff's counsel to ask of a witness, whether he had seen some powder embarked on board his brig, on account of the defendant.

The second to the court permitting the jury to receive the declaration of a witness, that

the defendant's powder was unladen at Cysale.

The third to the court permitting the plaintiff's counsel to ask one of his witnesses whether the brig did not go to Tabasco and unload goods there.

1. The objection of the defendant, on the first bill of exceptions, was, that the loading of the powder ought not to be proven by parol, but by a bill of lading. If a bill of lading were taken, it is clear the objection ought to have prevailed; but this fact was neither alleged nor proven.

2. The ground of objection to the second bill is not stated; the defendant has not furnished us with any, and we are unable to discover one.

3. The defendant's objection, in the third bill is, that the plaintiff ought not to have been permitted to shew he landed goods of the defendant at Tabasco, because he had not alleged it.

We think the parish judge erred in permitting the question to be asked.

But we are of opinion the fact thus attempted to be proven, was an immaterial one; because the plaintiff had not alleged it, and had alleged another, which dispensed him with the

GIRAUDEL
*vs.*
MINDEBURNE.

proof, that he unloaded any goods at Tabasco, viz. that the defendant did alter the voyage, viz. one from New-Orleans to Campeachy and Tabasco, to one to Campeachy and Cysale.

The defendant, when the verdict was pronounced, did not pray, as he might, to have it set aside, as given on illegal evidence. This would not prejudice him in this court, if the evidence appeared to us material; but while we feel it our duty to remand, when we apprehend a material fact has been permitted to be proven contrary to law, we think ourselves bound not to put the the party in possession of a verdict, to the unnecessary vexation and expense of a new trial, when the fact complained of as improperly proven, is of no importance. *Bowman* vs. *Flower, vol.* 2, 273.

The question of fact appears to us to have been correctly solved by the jury.

Damages for the frivolous appeal are asked; but while we admit that the plaintiff has introduced illegal evidence, we cannot mulct the defendant in damages, for having sought a relief, which we think we ought not give him.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Waggaman* for the plaintiff, *Canon* for the defendant.